## NATHANIEL GROTON, *Judge, &c. vs.* JOHN RUGGLES *& al.*

If a legacy be given in trust, and there be no special designation in the will of the executor, or any other person, as trustee, it belongs to the executor as such, to administer the estate according to the provisions of the will.

But if the person named as executor, is also in the will appointed trustee, he is required by law to give a separate bond in his character of trustee.

And it is his duty to give the bond as trustee without being notified or cited thereto; and his neglecting or refusing so to do, is to be considered as declining the acceptance of the trust, and another trustee is to be appointed by the Judge of Probate in his stead.

When an executor is also appointed a trustee under the will, he remains such until by reason of his refusal to give the bond required by law, he shall be considered and adjudged by the Judge of Probate to have declined the trust.

DEBT on a bond, given by the defendants, *Ruggles, Ludwig* and *Paine*, as executors of the last will and testament of *Daniel Rose*, deceased, with their sureties, to the Judge of Probate for the county of *Lincoln*, in form prescribed by law, conditioned to return an inventory, and to administer the estate according to the will. The will was approved *Nov.* 7, 1833, and the bond dated

the same day. By the terms of the will, the persons named as executors were to act not only in that capacity, but also in some respects in the capacity of trustees.

The estate was given to the widow and children "with the provisions and subject to the conditions and exceptions hereinafter provided for, and subject to the discretion and direction in all things of the executors and trustees hereinafter appointed." After appointing *Ruggles*, *Ludwig*, and *Paine* executors, the will says, "And I do hereby further constitute, choose and appoint the said *Ruggles*, *Ludwig* and *Paine*, and do hereby make them trustees of all my estate, real and personal," with certain exceptions, " in trust and as a trust estate for the benefit of my children." "I do hereby give and grant to my said executors full power over the said trust estate hereby bequeathed, to manage, dispose of and distribute said trust estate according to their own judgment and discretion in all things." "That they should divide the property entrusted to their use, equally amongst all my children, upon their arriving at the age of twenty-one, if in their opinion, it shall be proper so to do, and for the benefit of all or either of them." And gives power and authority " to dispose of the share of either of my said children in any other way or manner than is herein provided, if they shall have good or sufficient cause for so doing, and in such manner as they shall believe will best promote the interest and well-being of my said children." "I give and grant to my said trustees full powers and authority and all that may be necessary for the execution of all trusts herein created." The will also provides, that if either of the three should refuse to act or should decease, those remaining " shall in any manner they may see proper appoint other fit person or persons to be trustees in the place and stead of him or them not acting."

The report of the case states, that at the trial before WESTON C. J., the defendants contended, that by the will the executors had a right to retain certain property which belonged to the estate, as trustees, to be disposed of as prescribed by the will. The duties and liabilities of the defendants depending much upon the question, whether the executors sustain the character of trustees or not, the cause was taken from the jury for the purpose of submitting certain points to the decision of the whole Court. It appeared that

Groton *v.* Ruggles.

the executors had given no other bond, than the one in suit. Questions were raised :

1. Whether the executors are bound by law to give a separate bond in their character of trustees.

2. Whether they are bound to do so, the Judge of Probate having passed no order, requiring such bond, or determining for what sum it shall be given.

3. Whether the executors, holding themselves in readiness to give a separate bond as trustees, whenever thereto required by the Judge of Probate, and notified of the amount for which it is to be given, have a right to act as trustees under the will.

4. Whether having failed, without such requisition or order, to give such bond, is to be considered as having declined the acceptance of the trust specially confided to them by the will.

5. Whether in such case, their character as trustees under the will may be revived, whenever they may give a separate bond as such, to the acceptance of the Judge of Probate.

The case was strenuously argued by *Preble* for the heirs at law and legatees of *Rose,* who instituted the suit in the name of the Judge of Probate, and by *Ruggles, pro se,* and for the other defendants, and by *Holmes* for some of them.

Each of the counsel cited and commented upon the statute of 1821, *c.* 51, to regulate the jurisdiction and proceedings of Courts of Probate.

*Ruggles,* in his argument, remarked, that there were serious obstacles to the maintenance of the action, not referred to among the matters reserved for the consideration of the Court, but that he should confine himself to such as were presented. He cited in his argument 9 *Petersdorf,* 285, *n ;* 3 *Bac. Ab. Ex'or C ; Toller on Ex'rs* 351, 361 ; 1 *Ves. Jr.* 63 ; 1 *Har. Chan.* 524 ; 3 *Atk.* 96 ; 1 *Cox,* 134 ; *Dorr* v. *Wainwright,* 13 *Pick.* 328 ; *Hall* v. *Cushing,* 9 *Pick.* 395 ; *Towne* v. *Ammidown,* 20 *Pick.* 535 ; *Saunderson* v. *Stearns,* 6 *Mass. R.* 37 ; 8 *Cranch,* 9 ; 10 *Peters,* 592 ; 1 *Paige,* 509 ; *Mucklow* v. *Fuller, Jacob,* 198 ; *Williams on Ex'rs and Adm'rs* 1104 ; 3 *Bac. Ab. tit. Ex. E* 14 ; 6 *Madd.* 15 ; 1 *Madd.* 578.

The opinion of the Court was prepared by

WESTON C. J. — The first question presented is, whether by the will of *Daniel Rose* deceased, his executors, as such, are invested with the character of trustees under the will, so that the bond, given by them as executors, is all the security for the faithful performance of the duties confided to them, which they are required by law to give.

There can be no question but the office of executor is in its nature a trust, in the discharge of which he acts as trustee. And where there is no other special designation of the executor, or any other person, as trustee, it belongs to the executor, as such, to administer the estate, according to the provisions of the will. Such was the decision of the Court in *Dorr* v. *Wainwright & al.*, 13 *Pick.* 328, upon the ground, that no trustee was expressly named. But in the will under consideration, the executors are also distinctly appointed to act as trustees. And this designation is so often repeated, as to manifest a clear and plain intention, on the part of the testator, to invest them with the double capacity of executors and trustees. In one of the latter clauses of the will, he speaks of them as trustees, and expressly clothes them with all the powers, necessary to the fulfilment of the trust. And if any doubt upon this point could be raised, the last clause is altogether decisive, which provides, that in case of the death, the neglect or refusal, or incapacity of either of the trustees, his place shall be supplied by the appointment of the survivors.

If the persons named as executors, were also appointed trustees, they are required by law to give a bond as such, the testator not having relieved them from this obligation. Nor is this requirement of law useless and unnecessary in this case ; although the faithful discharge of their duties under the will may have also been secured by the bond, given by them as executors. One of the conditions of the bond, required to be given by trustees is, that they shall annually render an account to the Judge of Probate, of the annual income and profit of the estate held in trust. *Stat.* of 1821, *c.* 51, § 58. This special duty, thus imposed by law, is not provided for by the executor's bond.

The section last cited, requires affirmatively, that trustees under a will should give the bond therein prescribed, and this duty is not

made to depend upon their being notified or cited so to do. They should present themselves to give the bond required, in such sum, as may be ordered by the Judge. Neglecting or refusing to do so, by the fifty-ninth section of the same statute, they shall be considered as having declined the acceptance of the trust. And in that case, other trustees are to be appointed by the Judge of Probate. Jurisdiction of the subject matter belongs to the Judge of that Court, of which this Court has no other supervision, than what is appellate. The Judge of Probate must decide when the exigency exists, which requires his interposition to make a further appointment. As this is founded upon the neglect or refusal of the trustee or trustees to give the requisite bond, it must be found or adjudged by the competent authority, and they thereupon be held or considered, as the statute prescribes, to have declined the trust. This has not been done by the Court below, and cannot be done by this Court, except in the exercise of its appellate jurisdiction.

It results, that the executors, being also appointed trustees under the will, remain such until by their neglect or refusal to give the bond required by law, they shall be considered by the Judge of Probate to have declined the trust.